# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF JEREMY D. EVELAND, BAR NO. 8449.

No. 73630

IN RE: DISCIPLINE OF JEREMY D. EVELAND, BAR NO. 8449

No. 73631

FILED

MAR 21 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT, SUSPENDING ATTORNEY, AND DENYING RECIPROCAL DISCIPLINE*

Docket No. 73630 is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Jeremy D. Eveland. Under the agreement, Eveland admitted to violating RPC 8.4(b) (misconduct: criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and agreed to a five-year suspension with conditions precedent on his reinstatement. Docket No. 73631 is a petition for reciprocal discipline pursuant to SCR 114 based on Eveland's disbarment in California, Utah, and the U.S. District and Bankruptcy Courts for the District of Utah. This court temporarily suspended Eveland on October 14, 2016.

The jurisdictions mentioned above disbarred Eveland based on the misconduct he admitted to in the plea agreement at issue in Docket No. 73630 and based on his third-degree felony conviction for communications

fraud.[1]  Eveland created a scheme whereby his clients and other homeowners could avoid foreclosure by conveying their homes to a holding company that he or his sister owned or controlled. The holding company would then lease the home to the former homeowner who could remain in the home by paying rent roughly equal to the monthly mortgage payment plus fees for property maintenance and transaction costs, with the option to repurchase the home if certain conditions were met. Eveland, however, failed to give each homeowner the opportunity to have advice from independent counsel and failed to orally inform the homeowners of his interest in the holding companies, that by assigning their house to the holding company they no longer owned their homes, and that he and/or his sister effectively owned the homes and became landlords with the right to evict the homeowners for breach of the lease. While he offered this service to his clients, he also actively marketed it to non-clients.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Eveland admitted that he knowingly engaged in conduct that resulted in a criminal conviction, thus violating his duty to the public to maintain personal integrity. Further, he admitted that his conduct put his clients at risk of interference with their homeownership. There are six aggravating circumstances (dishonest or selfish motive, pattern of misconduct, multiple offenses, vulnerability of victims,

---

[1]On Eveland's request, after he complied with restitution and probation requirements, the conviction was reduced to a Class A misdemeanor.

substantial experience in the practice of law, and illegal conduct) and six mitigating circumstances (absence of prior disciplinary record, timely good faith effort to make restitution or to rectify consequences of misconduct, cooperative attitude toward disciplinary proceeding, interim rehabilitation, remorse, and imposition of other penalties or sanctions, in this case suspension and disbarment in multiple jurisdictions). SCR 102.5.

The baseline sanction before considering aggravating and mitigating circumstances is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.11 (Am. Bar Ass'n 2015) (providing that disbarment is appropriate when a lawyer engages in serious criminal conduct involving fraud). Nevertheless, unlike in California and Utah where a disbarred attorney can seek reinstatement after five years, *see* California Rules of Procedure of State Bar, Rule 5.442(B); Utah Rule of Lawyer Discipline and Disability 14-525, disbarment in Nevada is irreversible, SCR 102(1). Because a five-year suspension in Nevada will require Eveland to retake and pass the bar examination before seeking reinstatement, (SCR 116(5), we conclude that the recommended discipline reciprocates the discipline imposed by the California and Utah courts. Additionally, weighing the relevant factors, we agree with the panel's conclusion that a five-year suspension will serve the purpose of attorney discipline here. We therefore conclude that the guilty plea agreement should be approved, *see* SCR 113(1), and the petition for reciprocal discipline should be denied, *see* SCR 114(4)(c).

Accordingly, we hereby suspend attorney Jeremy D. Eveland from the practice of law in this state for five years, retroactive to his temporary suspension on October 14, 2016. Eveland is subject to the following conditions precedent to seeking reinstatement: (1) he must pass

the Nevada examination for admission to the practice of law and the Multistate Professional Responsibility Examination within one year of seeking reinstatement; (2) he must comply with all terms and conditions of admission to the practice of law in this state as required by SCR 49 et seq.; (3) he must not engage in any conduct that constitutes a violation of the Nevada Rules of Professional Conduct; and (4) he must pay the actual costs of the disciplinary proceeding in Docket No. 73630, plus $2,500 in costs under SCR 120 within 30 days of the date of this order, if he has not done so already. The State Bar shall comply with the applicable provisions of SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Chair, Southern Nevada Disciplinary Board
        Jeremy D. Eveland
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court

---

[2]The Honorable Mark Gibbons, Justice, voluntarily recused himself from participating in the decision of this matter.